# Exhibit 1

**Request**

---

Request Information

| | |
|---|---|
| Request Number | FOIA-2026-01229 |
| Request Type | Request |
| Request Date | 01/07/2026 |
| Perfected Date | 01/07/2026 |
| Request is in Litigation | |
| Unusual Circumstances | |
| Agency | OIP |
| Document Delivery Method | Email |
| Topic | |

Litigation Information

| | |
|---|---|
| First Name of Litigator | |
| Last Name of Litigator | |
| Case Name | |
| Federal District Court | |
| Case Number | |
| Date of Final Adjudication by Court | |

Requester Information

| | |
|---|---|
| Salutation | Mr. |
| First Name | Jason |
| Middle Name | |
| Last Name | Leopold |
| Email Address | jasonleopold@gmail.com |

| | |
|---|---|
| Organization | Bloomberg News |
| Register Number | |
| Phone Number | |
| Fax Number | |
| Other Information | |
| Address Type | Home |
| Country | United States |
| Address Line 1 | |
| Address Line 2 | |
| Military Branch | |
| City | |
| State | |
| Province | |
| Zip/Postal Code | |
| Description of Request | |
| Description | I request disclosure from the Office of Information Policy, the Office of the Attorney General, the Offices of the Deputy Attorney General, Associate Attorney General, Legal Policy, Public Affairs and the Office of Legislative Affairs the following records: |

1. All communications, such as emails, memos, letters, text messages, Signal chat messages, WhatsApp messages, Microsoft Teams messages, referencing the Epstein Files Transparency Act, H.R.4405 and the Department of Justice's implementation of the law. The timeframe for this part of the request is November 18, 2025 through the date the search for responsive records is conducted. You may omit news clippings and press releases.
2. Talking points prepared by DOJ Public Affairs for Attorney General Pam Bondi, Assistant Attorney General Todd Blanche and the US Attorney for the Southern District of New York, Jay Clayton, referencing the Epstein Files Transparency Act, the release of the Epstein Files, the Justice Department's review and redaction of the Epstein Files and the discovery of millions of additional pages of Epstein Files material. The timeframe for this part of the request is November 18, 2025 through the date the search for responsive records is conducted.
3. A spreadsheet or similar data or document identifying the total number of Justice Department personnel who have been reviewing and redacting the Epstein Files in order to prepare the files for release in response to the passage of the Epstein Files Transparency Act. PLEASE NOTE: I am not interested in personal identifiable information. I am only interested in the number of DOJ personnel who worked on the review and redaction of the files, their titles, and the offices/divisions they work in. The timeframe for this part of the request is November 18, 2025 through the date the search for responsive records is conducted.
4. The budget or a similar document identifying the total costs the DOJ has spent on the review and redaction of the Epstein Files since the passage of the Epstein Files Transparency Act. The timeframe for this part of the request is January 20, 2025 through the date the search for responsive records is conducted.
5. The number of Premium Pay hours DOJ personnel have spent on the review and redaction of the Epstein Files and the dollar amount in Premium Pay DOJ has paid to personnel for reviewing and redacting the Epstein Files. If the hours each DOJ attorney worked is captured in a document I request a copy of that document as well. The timeframe for this part of the request is January 20, 2025 through the date the search for responsive records is conducted.
6. Any and all documents related to overtime or Premium Pay hours worked by Office of Information Policy personnel between January 20, 2025 specifically related to the research, review and redaction of the Epstein Files. To be clear, I am not seeking individual time cards but instead broader statistics and analytics data reflecting hours worked on the Epstein Files.
7. Any written instruction, direction or guidance provided to DOJ personnel related to their review of the Epstein Files and copies of the processing guidelines, guidance, slide decks/PowerPoints and videos provided to DOJ personnel who are tasked with reviewing and redating the Epstein Files. The timeframe for this part of the request is November 18, 2025 through the date the search for responsive records is conducted.
8. All communications to/from the Office of Information Policy, the Office of the Attorney General, the Offices of the Deputy Attorney General, Associate Attorney

General, Legal Policy, Public Affairs, the Office of Legislative Affairs and the US Attorney's Office for the Southern District of New York referencing the Epstein Files. The timeframe for this part of the request is November 18, 2025 through the date the search for responsive records is conducted.

9. All communications to/from the Office of Legislative Affairs, the Office of the Attorney General and the Office of the Deputy Attorney General and any Representative, Senator or Congressional Committee referencing the Epstein Files. The timeframe for this part of the request is January 20, 2025 through the date the search for responsive records is conducted.

10. All communications, such as emails, memos, letters, text messages, Signal chat messages, WhatsApp messages, Microsoft Teams messages, referencing the discovery by the Southern District of New York and FBI "that they have uncovered over a million more documents potentially related to the Jeffrey Epstein case," according to a post by DOJ's official X account. https://x.com/TheJusticeDept/status/2003901580341334257

11. Any written instruction, direction or guidance provided to DOJ's Office of Public Affairs or the same types of records that derived from the Office of Public Affairs referencing the use of DOJ and DOJ Public Affairs' official accounts on X to engage directly with users related to the release of the Epstein Files and criticism over redactions and other matters related to the release of the records. For example, the @TheJusticeDept official X account responded to a user who raised questions about a photograph from the December 19, 2025 release by saying, "Because the law requires us to release all documents related to Jeffrey Epstein in our possession so that's what we are doing, you dope. Are you suggesting we break the law?" There are dozens of other instances in which the DOJ and DOJ public affairs X accounts disparaged others on X who raised questions about the release and redaction of the records. The timeframe for this part of the request is November 18, 2025 through the date the search for responsive records is conducted.

12. All communications between DOJ and FBI related to a letter from Jeffrey Epstein to Larry Nasar that was included in the release of Epstein Files by DOJ in December 2025. The official DOJ account posted on X that "The FBI has confirmed this alleged letter from Jeffrey Epstein to Larry Nassar is FAKE. The fake letter was received by the jail, and flagged for the FBI at the time." https://x.com/TheJusticeDept/status/2003574944483901816 The timeframe for this part of the request is November 18, 2025 through the date the search for responsive records is conducted.

13. All records and communications (identical to the types of records mentioned in Part 1 of this request) referencing the discovery and inclusion of Donald Trump's name in the Epstein Files and all records and communications referencing the removal of certain records, including photographs, from DOJ's dedicated Epstein Files release page that showed and mentioned Donald Trump. By way of background, on December 19, 2025, the DOJ released the first tranche of Epstein Files in accordance with the Epstein Files Transparency Act. By Saturday, December 20, 2025, more than a dozen files were removed including one that shows President Trump's photo on a desk among several other photographs. The timeframe for this part of the request is November 18, 2025 through the date the search for responsive records is conducted.

14. All records and communications referencing DOJ's conclusion that the Epstein Files the Department has released in December 2025 "contain untrue and sensationalist claims made against President Trump that were submitted to the FBI right before the 2020 election. To be clear: the claims are unfounded and false, and if they had a shred of credibility, they certainly would have been weaponized against President Trump already." To be clear, the records I seek relate to the final conclusion/decision by DOJ that the references to Trump in the Epstein Files that were submitted to the FBI are "untrue" and "sensationalist." DOJ made this statement from its official X account on December 23, 2025. https://x.com/TheJusticeDept/status/2003442658643988641

15. All records and communications referencing all categories of records released and withheld and a summary of redactions made, including legal basis. The timeframe for this request is November 18, 2025 through the date the search for responsive records is conducted.

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall--

(i) withhold information under this section only if--

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DOJ should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

File Type 1

File 1          *No Attachment*

File Type 2

File 2                      *No Attachment*

File Type 3

File 3                      *No Attachment*

Expedited Processing Information

Expedited
Processing          Yes
Requested?

Expedited
Processing          01/07/2026
Request Date

Expedited
Processing          Denied
Determination

Standards for
Expedition
- 2. An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information.
- 4. A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.

Expedited
Justification

I ask that my request be processed on an expedited basis because there is an urgency to inform the public about actual federal government activity, and I am a person primarily engaged in disseminating information. As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. I have a compelling need to inform the public about a matter of overwhelming public interest. It relates to the Department of Justice's release of the Epstein Files as required by the Epstein Files Transparency Act and the ongoing review and redaction of the files.

When the Epstein Files Transparency Act was passed by Congress on November 18, 2025 and then signed into law by President Donald Trump, the Department of Justice was required to release "all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice, including the Federal Bureau of Investigation and United States Attorneys' Offices, that relate to" Jeffrey Epstein and his convicted co-conspirator, Ghislaine Maxwell. While the Department of Justice met the deadline and released Epstein Files on December 19, 2025 it did not release "all" of the files. Moreover, the Department of Justice then moved to remove some of the files it released from its website. The files also contained vast swaths of redactions contrary to what the law required. The Department also explained in late December 2025 it found millions of more Epstein Files and Attorney General Pam Bondi, Deputy Attorney General Todd Blanche and US Attorney for the Southern District of New York, Jay Clayton, told a judge on Jan. 6 the Department now has at least 400 attorneys dedicated to the review and redaction of the records.

The DOJ has also missed the 15-day deadline under the Epstein Files Transparency Act to "submit to the House and Senate Committees on the Judiciary a report listing: All categories of records released and withheld" and "A summary of redactions made, including legal basis."

Jeffrey Epstein and the Department of Justice's promises to release the Epstein Files was one of the major news stories of 2025. It dominated headlines worldwide. The Department's challenges to comply with the requirements of the legislation has eroded the public trust in the Department. Because matters relating to the Epstein Files still dominate the news cycle there is an urgency to inform the public concerning actual or alleged Federal Government activity. I have written extensively about the Epstein Files throughout 2025. Questions have been raised (and continue to be raised) by the public and lawmakers about the Department's actions related to the Epstein Files and its ability to comply with the law. The records I seek may provide answers to those questions.

I certify that this statement is true and correct to the best of my knowledge and belief. --JL

## Fee Information

| | |
|---|---|
| Will Pay Up To | $250 |
| Fee Category | Representative of the news media |
| Fee Waiver Requested? | Yes |
| Fee Waiver Granted? | |

Fee Waiver Justification

I am a senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America. I am filing this request on behalf of myself and Bloomberg News.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

## Records Management

Disposition Date

Marked for Disposition

Disposition Confirmed

Disposition Confirmed By

# Exhibit 2



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

January 15, 2026

Re:    FOIA-2026-01229
       ADF:ERH:AKT

Dear Jason Leopold:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated and received in this Office on January 7, 2026, in which you requested various records of the Department of Justice concerning the Epstein Files Transparency Act, H.R.4405 and the Department of Justice's implementation of the law since November 18, 2025. **Please note that this Office was closed due to a lapse in funding appropriations from October 1, 2025 through November 12, 2025, which will result in a delay in responding to your request.**

You have requested expedited processing of your request pursuant to the Department's standard permitting expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." See 28 C.F.R. § 16.5(e)(1)(ii) (2018).  Based on the information you have provided, I have determined that your request for expedited processing under this standard should be denied.  This Office cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally.  Please be advised that, although your request for expedited processing has been denied, it has been assigned to an analyst in this Office and our processing of it has been initiated.

You have also requested expedited processing of your request pursuant to the Department's standard involving "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." See 28 C.F.R. § 16.5(e)(1)(iv) (2018).  Pursuant to Department policy, we directed your request to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard. See id. § 16.5(e)(2).  Please be advised that as of the date of this letter, a decision on your expedition request is still pending. Once a determination has been made, we will promptly notify you. Nevertheless, please be advised that your request has been assigned to an analyst in this Office and our processing of it has been initiated.

-2-

To the extent that your request requires a search in another Office, consultations with other Department components or another agency, and/or involves a voluminous amount of material, your request falls within "unusual circumstances." See 5 U.S.C. § 552 (a)(6)(B)(i)-(iii) (2018). Accordingly, we will need to extend the time limit to respond to your request beyond the ten additional days provided by the statute. For your information, we use multiple tracks to process requests, but within those tracks we work in an agile manner, and the time needed to complete our work on your request will necessarily depend on a variety of factors, including the complexity of our records search, the volume and complexity of any material located, and the order of receipt of your request. At this time we have assigned your request to the complex track. In an effort to speed up our process, you may wish to narrow the scope of your request to limit the number of potentially responsive records so that it can be placed in a different processing track. You can also agree to an alternative time frame for processing, should records be located, or you may wish to await the completion of our records search to discuss either of these options. Any decision with regard to the application of fees will be made only after we determine whether fees will be implicated for this request.

Please be advised that the records search options available are dynamic and can be adjusted according to the types of records you are seeking. In general, there are five categories of records search options available to you:

| 1 | Official Correspondence | This category includes final, signed communications, memoranda, policies, and guidelines. |
|---|---|---|
| 2 | Emails and Attachments | This category includes emails sent or received by Department officials and records attached thereto. |
| 3 | Calendars | This category includes the electronic calendar of Department officials. |
| 4 | Standalone Documents | This category includes both electronic computer records and non-electronic (i.e. paper) records of Department officials to the extent that such records were not attached to an email[1]. |
| 5 | Classified Records | This category includes both electronic and non-electronic (i.e. paper) classified records maintained by Department officials. |

The time required to complete our records search will vary significantly depending on the types of records that need to be searched in order to fulfill your request. Furthermore, there are distinct and significant differences between the search time required to complete certain categories of records searches. For example, a records search focused on category 1 records (Official Correspondence) requires the least amount of time to complete. A records search seeking records from categories 2 and/or 3 requires significantly more time than that of category 1. Whereas a search seeking records from categories 4 and/or 5 is the most time-consuming search option and requires substantially more time to complete than a search focused on records of categories 2 and/or 3.

Additional factors, including the timeframe of your request and the number of Department officials who need to be searched in order to fulfill your request, can make a

---

[1] This category does not include Official Correspondence (i.e. category 1 records).

substantial difference in the time it takes to complete our records search.  Generally speaking, requests seeking records prior to January 20, 2017, will require additional search time, and the more Department officials that are subject to the records search, the longer it will take to complete.

At this time and in an effort to facilitate our response to your request, we are focusing our records search on official correspondence (i.e. category 1) and emails and attachments (category 2) that may be responsive to your request.  Based on our experience, the vast majority of records responsive to FOIA requests consist of category 2 records, and it is not common for there to be standalone documents (category 4) that are not also located as attachments to emails.  If you are interested in either adding additional categories of records to your search or focusing your search on records other than categories 1 and 2, please notify this Office as soon as possible.  You may also agree to an alternative formulation of your request, including a different scope or date range.  Please include the administrative tracking number associated with this request in all your correspondence.

Any decision with regard to the application of fees or any request for a fee waiver will be made only after we determine whether fees will be implicated for this request.

If you have any questions, wish to discuss reformulation or an alternative time frame for the processing of your request, or if you require further assistance regarding any aspect of your request, you may contact our Acting FOIA Public Liaison, Eric Hotchkiss, at: Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001; telephone at 202-514-3642.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, MD 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; or toll free at 1-877-684-6448.

If you are not satisfied with this Office's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  If possible, please provide a copy of your original request and this response letter with your appeal.

Sincerely,

for
Andrew D. Fiorillo
Chief, Initial Request Staff

**Exhibit 3**



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

February 2, 2026

Jason Leopold
Bloomberg News

Re:    FOIA-2026-01229
         FOIA-2026-01257

jasonleopold@gmail.com                    ADF:ERH:AKT

Dear Jason Leopold:

This is to further acknowledge receipt of your Freedom of Information Act (FOIA) request dated and received in this Office on January 7, 2026, in which you requested various records of the Department of Justice concerning the Epstein Files Transparency Act, H.R.4405 and the Department of Justice's implementation of the law since November 18, 2025.  **Please note that this Office was closed due to a lapse in funding appropriations from October 1, 2025 through November 12, 2025, which will result in a delay in responding to your request.**

On January 9, 2026 you submitted a second identical request to this Office. Accordingly, the administrative tracking number associated with your second request (FOIA-2026-01257) has been closed as a duplicate.  Please refer to your original request number (FOIA-2026-01229) in all future correspondence regarding this matter.

You have requested expedited processing of your request pursuant to the Department's standard involving "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."  See 28 C.F.R. § 16.5(d)(iv) (2018).  Pursuant to Department policy, we directed your request to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard.  See id. § 16.5(d)(2).  The Director has determined that your request for expedited processing should be denied. Please be advised that, although your request for expedited processing has been denied, it has been assigned to an analyst in this Office and our processing of it has been initiated.

To the extent that your request requires a search in another Office, consultations with other Department components or another agency, and/or involves a voluminous amount of material, your request falls within "unusual circumstances."  See 5 U.S.C. § 552 (a)(6)(B)(i)-(iii) (2018).  Accordingly, we will need to extend the time limit to respond to your request beyond the ten additional days provided by the statute.  For your information, we use multiple tracks to process requests, but within those tracks we work in an agile manner, and the time needed to complete our work on your request will necessarily depend on a variety of factors,

-2-

including the complexity of our records search, the volume and complexity of any material located, and the order of receipt of your request.  At this time, we have assigned your request to the complex track.  In an effort to speed up our process, you may wish to narrow the scope of your request to limit the number of potentially responsive records so that it can be placed in a different processing track.  You can also agree to an alternative time frame for processing, should records be located, or you may wish to await the completion of our records search to discuss either of these options.  Any decision with regard to the application of fees will be made only after we determine whether fees will be implicated for this request.

Please be advised that the records search options available are dynamic and can be adjusted according to the types of records you are seeking.  In general, there are five categories of records search options available to you:

| 1 | Official Correspondence | This category includes final, signed communications, memoranda, policies, and guidelines. |
|---|---|---|
| 2 | Emails and Attachments | This category includes emails sent or received by Department officials and records attached thereto. |
| 3 | Calendars | This category includes the electronic calendar of Department officials. |
| 4 | Standalone Documents | This category includes both electronic computer records and non-electronic (i.e. paper) records of Department officials to the extent that such records were not attached to an email[1]. |
| 5 | Classified Records | This category includes both electronic and non-electronic (i.e. paper) classified records maintained by Department officials. |

The time required to complete our records search will vary significantly depending on the types of records that need to be searched in order to fulfill your request.  Furthermore, there are distinct and significant differences between the search time required to complete certain categories of records searches.  For example, a records search focused on category 1 records (Official Correspondence) requires the least amount of time to complete.  A records search seeking records from categories 2 and/or 3 requires significantly more time than that of category 1.  Whereas a search seeking records from categories 4 and/or 5 is the most time-consuming search option and requires substantially more time to complete than a search focused on records of categories 2 and/or 3.

Additional factors, including the timeframe of your request and the number of Department officials who need to be searched in order to fulfill your request, can make a substantial difference in the time it takes to complete our records search.  Generally speaking, requests seeking records prior to January 20, 2017, will require additional search time, and the more Department officials that are subject to the records search, the longer it will take to complete.

---

[1] This category does not include Official Correspondence (i.e. category 1 records).

-3-

At this time and in an effort to facilitate our response to your request, we are focusing our records search on official correspondence (i.e. category 1) and emails and attachments (category 2) that may be responsive to your request.  Based on our experience, the vast majority of records responsive to FOIA requests consist of category 2 records, and it is not common for there to be standalone documents (category 4) that are not also located as attachments to emails.  If you are interested in either adding additional categories of records to your search or focusing your search on records other than categories 1 and 2, please notify this Office as soon as possible.  You may also agree to an alternative formulation of your request, including a different scope or date range.  Please include the administrative tracking number associated with this request in all your correspondence.

Any decision with regard to the application of fees or any request for a fee waiver will be made only after we determine whether fees will be implicated for this request.

If you have any questions, wish to discuss reformulation or an alternative time frame for the processing of your request, or if you require further assistance regarding any aspect of your request, you may contact our Acting FOIA Public Liaison, Eric Hotchkiss, at: Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001; telephone at 202-514-3642, or by e-mail at: doj.oip.foia@usdoj.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, MD 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; or toll free at 1-877-684-6448.

If you are not satisfied with this Office's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  If possible, please provide a copy of your original request and this response letter with your appeal.

Sincerely,

for
Andrew D. Fiorillo
Chief, Initial Request Staff

**Exhibit 4**

## Re: Your FOIA Request FOIA-2026-01229

**Jason Leopold** <jasonleopold@gmail.com>                Wed, Apr 8, 2026 at 11:28 AM
Reply-To: jasonleopold@gmail.com
To: "Hotchkiss, Eric (OIP)" <Eric.Hotchkiss@usdoj.gov>

Hi Eric,
Please provide me with an estimated date of completion for this request.

Best,
Jason

On Mon, Feb 2, 2026 at 8:36 AM OIP-NoReply <OIP-NoReply@usdoj.gov> wrote:

Attached is correspondence from the Department of Justice's Office of Information Policy, which is associated with the above-referenced Freedom of Information Act (FOIA) request.

**Please do not reply to this e-mail, as this account is not monitored.**

Thank you,

----------------------------------------

Initial Request Staff

Office of Information Policy

U.S. Department of Justice

202-514-3642 (Main Line)

--
Jason Leopold
Senior Investigative Reporter
Bloomberg News

You may also reach me at jasonleopold@protonmail.com for secure and encrypted communications
@JasonLeopold
Subscribe to my weekly newsletter, FOIA Files
Read my reporting

**Exhibit 5**

## Request for records under the Freedom of Information Act

2 messages

**Jason Leopold** <jasonleopold@gmail.com>                                    Tue, Jan 20, 2026 at 10:25 AM
Reply-To: jasonleopold@gmail.com
To: "NSDFOIA (NSD)" <nsdfoia@usdoj.gov>, CRM FOIA <crm.foia@usdoj.gov>

This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records. This request seeks expedited processing.

REQUESTER INFORMATION
Name: Jason Leopold
Position: Senior Investigative Reporter, Bloomberg News
Address:
Email: jasonleopold@gmail.com

RECORDS SOUGHT

I request disclosure from the Department of Justice National Security Division and the Criminal Division the following records:

1. All communications, such as emails, memos, letters, text messages, Signal chat messages, WhatsApp messages, Microsoft Teams messages, referencing the Epstein Files Transparency Act, H.R.4405 and the Criminal Division and National Security Division's review and redaction of the Epstein files. The timeframe for this part of the request is November 18, 2025 through the date the search for responsive records is conducted. You may omit news clippings and press releases.

2. All communications, such as emails, memos, letters, text messages, Signal chat messages, WhatsApp messages, Microsoft Teams messages, relating to the discovery of millions of additional pages of Epstein Files material as publicly disclosed on X by the Department of Justice in December 2025 https://x.com/ TheJusticeDept/status/2003901580341334257. The timeframe for this part of the request is November 18, 2025 through the date the search for responsive records is conducted.

3. A spreadsheet or similar data or document identifying the total number of Criminal Division and National Security Division personnel who have been reviewing and redacting the Epstein Files in order to prepare the files for release in response to the passage of the Epstein Files Transparency Act. PLEASE NOTE: **I am not interested in personal identifiable information**. I am only interested in the number of CRM and NSD personnel who worked on the review and redaction of the files, their titles, and the offices/divisions they work in. The timeframe for this part of the request is November 18, 2025 through the date the search for responsive records is conducted.

4. The number of Premium Pay hours NSD and CRM personnel have clocked in on their review and redaction of the Epstein Files and the dollar amount in Premium Pay NSD and CRM and DOJ has paid to NSD and CRM personnel for reviewing and redacting the Epstein Files. If the hours each NSD and DOJ attorney worked is captured in a document I request a copy of that document as well. The timeframe for this part of the request is January 20, 2025 through the date the search for responsive records is conducted.

5. Any written instruction, direction or guidance provided to NSD and CRM personnel/attorneys related to their review of the Epstein Files and copies of the processing guidelines, guidance, slide decks/PowerPoints and videos provided to NSD and CRM personnel who are tasked with reviewing and redacting the Epstein Files. The timeframe for this part of the request is November 18, 2025 through the date the search for responsive records is conducted.

6. All communications to/from the NSD and CRM Divisions referencing the "Epstein Files." The timeframe for this part of the request is November 18, 2025 through the date the search for responsive records is conducted.

7. All records and communications (identical to the types of records mentioned in Part 1 of this request) referencing the discovery and inclusion of victims' names and personal information in the Epstein Files and all records and communications referencing the removal or redaction of personal identifiable information (PII).

REQUEST FOR EXPEDITED PROCESSING

I ask that my request be processed on an expedited basis because there is an urgency to inform the public about actual federal government activity, and I am a person primarily engaged in disseminating information. As senior investigative reporter at Bloomberg News, I am a full-time member of the news media. I therefore qualify as a person primarily engaged in disseminating information. I have a compelling need to inform the public about a matter of overwhelming public interest. It relates to the Department of Justice's release of the Epstein Files as required by the Epstein Files Transparency Act and the ongoing review and redaction of the files.

When the Epstein Files Transparency Act was passed by Congress on November 18, 2025 and then signed into law by President Donald Trump, the Department of Justice was required to release "all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice, including the Federal Bureau of Investigation and United States Attorneys' Offices, that relate to" Jeffrey Epstein and his convicted co-conspirator, Ghislaine Maxwell. While the Department of Justice met the deadline and released Epstein Files on December 19, 2025 it did not release "all" of the files. Moreover, the Department of Justice then moved to remove some of the files it released from its website. The files also contained vast swaths of redactions contrary to what the law required. The Department also explained in late December 2025 it found millions of more Epstein Files and Attorney General Pam Bondi, Deputy Attorney General Todd Blanche and US Attorney for the Southern District of New York, Jay Clayton, told a judge on Jan. 6 the Department now has at least 400 attorneys dedicated to the review and redaction of the records.

The DOJ has also missed the 15-day deadline under the Epstein Files Transparency Act to "submit to the House and Senate Committees on the Judiciary a report listing: All categories of records released and withheld" and "A summary of redactions made, including legal basis."

Jeffrey Epstein and the Department of Justice's promises to release the Epstein Files was one of the major news stories of 2025. It dominated headlines worldwide. The Department's challenges to comply with the requirements of the legislation has eroded the public trust in the Department. Because matters relating to the Epstein Files still dominate the news cycle there is an urgency to inform the public concerning actual or alleged Federal Government activity. I have written extensively about the Epstein Files throughout 2025. Questions have been raised (and continue to be raised) by the public and lawmakers about the Department's actions related to the Epstein Files and its ability to comply with the law. The records I seek may provide answers to those questions.

I certify that this statement is true and correct to the best of my knowledge and belief. ---JL---

Reasonably Foreseeable Harm.  The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

DOJ should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

FORMAT

I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER

I am a senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America. I am filing this request on behalf of myself and Bloomberg News.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.


--
Jason Leopold
Senior Investigative Reporter
Bloomberg News

You may also reach me at jasonleopold@protonmail.com for secure and encrypted communications
@JasonLeopold
Subscribe to my weekly newsletter, FOIA Files
Read my reporting

---

**Jason Leopold** <jasonleopold@gmail.com>                                                        Sun, Mar 15, 2026 at 2:25 PM
Reply-To: jasonleopold@gmail.com
To: "NSDFOIA (NSD)" <nsdfoia@usdoj.gov>, CRM FOIA <crm.foia@usdoj.gov>

I have yet to receive an acknowledgment for this request. Please provide me with an acknowledgment letter as soon as possible.

Best,
Jason

**Exhibit 6**

**U.S. Department of Justice**

National Security Division

---

*Washington, D.C. 20530*

Jason Leopold
Bloomberg News

January 22, 2026
Re: NSD FOIA #26-111

Dear Jason Leopold:

This is to acknowledge your Freedom of Information Act (FOIA) request dated January 20, 2026, requesting records "referencing the Epstein Files Transparency Act, H.R.4405 and the Criminal Division and National Security Division's review and redaction of the Epstein files." Our FOIA office received your request on January 20, 2026. **Please note, any searches conducted in response to your request will be limited to the records of the National Security Division.**

We have not yet made a decision on your request for a fee waiver. We will do so after we determine whether the processing of your request will result in any assessable fees. You state that you are employed full-time as a staff reporter for a news outlet, as a "representative of the news media," you would not be charged search fees.

Your request for expedited processing under 28 C.F.R. § 16.5 (e)(1)(iv) is currently under review. We will inform you when our office makes a final determination.

Our policy is to process FOIA requests on a first-in, first-out basis. Consistent with this policy, every effort will be made to respond to your request as quickly as possible. The actual processing time will depend upon the complexity of the request, whether it involves sensitive or voluminous records, and whether consultations with other agencies or agency components are appropriate.

You may contact our Government Information Specialist, Arnetta Mallory, for any further assistance and to discuss any aspect of your request at:

U.S. Department of Justice
National Security Division
Records and FOIA Unit
3 Constitution Square
175 N Street N.E. 12th Floor
Washington, DC 20530
(202) 233-2639

Sincerely,

DAVID O'DOWD    Digitally signed by DAVID O'DOWD
Date: 2026.01.22 11:04:03 -05'00'

# Exhibit 7



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                              *Washington, D.C. 20530*

January 30, 2026

Mr. Jason Leopold
Bloomberg News                    Request No. CRM-302409385
                                  Subject: Various Records Concerning the
                                       Epstein Files Transparency Act, H.R.
                                       4405

Dear Mr. Leopold:

This acknowledges receipt of your Freedom of Information Act (FOIA) request dated January 20, 2026, seeking records maintained by the Criminal Division. Your request was received in this Office on January 20, 2026. The request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

Please note that this Office was closed due to a lapse in funding appropriations from October 1, 2025 through November 12, 2025, which will result in a delay in responding to your request.

☒ We have not yet made a decision on your request for a fee waiver. We will do so after we determine whether the processing of your request will result in any assessable fees.

☒ We have not yet made a decision on your request for preferred fee status. We will do so after we determine whether the processing of your request will result in any assessable fees.

☒ Your request for expedited treatment has been:

☐ Granted. Accordingly, your request has been assigned to a Government Information Specialist in this Office and we will respond to your request as soon as practicable.

☒ Denied. You have not established that your request fits within any of the four U.S. Department of Justice standards for expedited treatment. If you are not satisfied with the Criminal Division's determination in response to this request, you may

2

administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact me by telephone at (202) 616-0307, by email at crm.foia@usdoj.gov, or by mail at FOIA/PA Unit, Criminal Division, U.S. Department of Justice, 950 Constitution Avenue NW, Washington, DC 20530-0001.

You may contact our FOIA Public Liaison at the telephone number listed above for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

FOIA/PA Unit
Criminal Division
U.S. Department of Justice

**Exhibit 8**

--------- Forwarded message ---------
From: **FOIA, CRM (CRM)** <CRM.FOIA@usdoj.gov>
Date: Wed, Apr 8, 2026, 11:21 AM
Subject: RE: [EXTERNAL] Re: FOIA/PA Request Acknowledgment CRM-302409385
To: jasonleopold@gmail.com <jasonleopold@gmail.com>

Mr. Leopold,

Thank you for your correspondence. On average, it takes the FOIA/PA Unit 297 working days to process a complex request.  At this time, your request has been pending for 55 working days. A search for responsive records is pending. We estimate that this request will be completed within 12 months. Please be advised that this is a preliminary estimate that will likely be modified as our searching is completed, and the volume and complexity of the material is evaluated.  We will be able to provide you with a more specific estimate after we have completed our search for responsive records.

In an effort to streamline processing of Parts One, Two, Six, and Seven of your request, please let us know if you are willing to narrow your request to personnel in the Office of the Assistant Attorney General.

Your continued patience is appreciated and we apologize for the delays in the processing of your request. Please feel free to follow up with the FOIA/PA Unit in sixty days if you would like another status update on your request.

Sincerely,

FOIA/PA Unit

Criminal Division

U.S. Department of Justice

**From:** Jason Leopold <jasonleopold@gmail.com>
**Sent:** Wednesday, April 8, 2026 12:22 PM
**To:** FOIA, CRM (CRM) <CRM.FOIA@CRM.USDOJ.GOV>
**Subject:** [EXTERNAL] Re: FOIA/PA Request Acknowledgment CRM-302409385

Please provide me with an estimated date of completion for this request.

Best,
Jason

On Fri, Jan 30, 2026 at 11:22 AM FOIA, CRM (CRM) <CRM.FOIA@usdoj.gov> wrote:

> Dear Mr. Leopold,
>
> Please see the attached, which acknowledges receipt of your Freedom of Information Act and/or Privacy Act request. If you have any questions, please contact the FOIA/PA Unit at 202-616-0307 for further assistance.
>
> Thank you,
>
> FOIA/PA Unit
>
> Criminal Division
>
> U.S. Department of Justice

--

Jason Leopold
Senior Investigative Reporter
Bloomberg News

You may also reach me at jasonleopold@protonmail.com for secure and encrypted communications
@JasonLeopold
Subscribe to my weekly newsletter, FOIA Files
Read my reporting

## Re: NSD FOIA #26-111 - Acknowledgment

---------- Forwarded message --------
From: **NSDFOIA (NSD)** <NSDFOIA@usdoj.gov>
Date: Fri, Apr 10, 2026, 7:48 AM
Subject: RE: [EXTERNAL] Re: NSD FOIA #26-111 - Acknowledgment
To: jasonleopold@gmail.com <jasonleopold@gmail.com>
Cc: NSDFOIA (NSD) <NSDFOIA@usdoj.gov>

Dear Mr. Leopold,

Thank you for your inquiry.   While we are unable to provide an estimated date of completion at this time, records searches have been initiated and are continuing.   We appreciate your interest in records maintained by the National Security Division, and your patience.  If you do not hear from this office within 30 days, please feel free to send another inquiry.

Have a great weekend.

NSD FOIA

---

**From:** Jason Leopold <jasonleopold@gmail.com>
**Sent:** Wednesday, April 8, 2026 12:31 PM
**To:** NSDFOIA (NSD) <NSDFOIA@usdoj.gov>; Mallory, Arnetta (NSD) <Arnetta.Mallory@usdoj.gov>
**Subject:** [EXTERNAL] Re: NSD FOIA #26-111 - Acknowledgment

Please provide me with an estimated date of completion for this request.

Best,

Jason

On Thu, Jan 22, 2026 at 8:10 AM NSDFOIA (NSD) <NSDFOIA@usdoj.gov> wrote:

> Dear Jason Leopold:
>
> Please find attached NSD's formal acknowledgment letter for your recent FOIA request. Thank you.
>
> NSD FOIA

--

Jason Leopold
Senior Investigative Reporter
Bloomberg News

You may also reach me at jasonleopold@protonmail.com for secure and encrypted communications
@JasonLeopold
Subscribe to my weekly newsletter, FOIA Files
Read my reporting

**Exhibit 9**

## Individual Information

**Prefix**

**First Name** Jason

**Middle Name**

**Last Name** Leopold

**Suffix**

**Email** jasonleopold@gmail.com

**Phone**

**Location** United States

## Domestic Address

**Address Line 1**

**Address Line 2**

City

State

Postal

## Agreement to Pay

**How you will pay**   I am requesting a fee waiver for
my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I
am willing to pay additional fees and will enter that maximum amount in the box below.

**Allow up to $**   250

## Proof Of Affiliation for Fee Waiver

**Waiver Explanation**

I am a senior investigative reporter for Bloomberg News and formerly senior investigative reporter for BuzzFeed News and formerly senior investigative reporter and on-air correspondent for VICE News. Additionally, my reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America. I am filing this request on behalf of myself and Bloomberg News.

I request a complete waiver of all search and duplication fees. If my request for a waiver is denied, I request that I be considered a member of the news media for fee purposes.

Under 5 U.S.C. §552(a)(4)(A)(iii), "Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." Disclosure in this case meets the statutory criteria, as the records sought to detail the operations and activities of government. This request is also not primarily in my commercial request, as I am seeking the records as a journalist to analyze and freely release to members of the public.

If I am not granted a complete fee waiver, I request to be considered a member of the news media for fee purposes. I am willing to pay all reasonable duplication expenses incurred in processing this FOIA request.

I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

**Documentation Files**

# Non-Individual FOIA Request

**Request Information**

I request disclosure from the FBI the following records:

1. All emails (including attachments) to/from the following email address: djb.dd@fbi.gov that references "Epstein." The timeframe for this request is March 1, 2025 through December 31, 2025. Please withhold news clippings, news summaries listserv messages sent by the FBI's Public Affairs Office.

Reasonably Foreseeable Harm. The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)):

(A) An agency shall—

(i) withhold information under this section only if—

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information. . . .

FBI should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

**Exhibit 10**

## Acknowledgment letter for another request not received

**Jason Leopold** <jasonleopold@gmail.com>                    Thu, Apr 2, 2026 at 12:54 PM
Reply-To: jasonleopold@gmail.com
To: FOIPAQUESTIONS <FOIPAQUESTIONS@fbi.gov>

Please see attachment. I filed this FOIA request through the FBI's FOIA portal on Feb. 6. I have not yet received an acknowledgment letter or tracking number for this request.

Best,
Jason

--
Jason Leopold
Senior Investigative Reporter
Bloomberg News

You may also reach me at jasonleopold@protonmail.com for secure and encrypted communications
@JasonLeopold
Subscribe to my weekly newsletter, FOIA Files
Read my reporting



**FOIA FBI BONGINO EPSTEIN.pdf**
552K